FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 14 2003

JAMES W. McCORMACK, CLERK
By:_____ DEP CLER

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KENNETH ANDREWS**                                              PLAINTIFF

VS.                    CASE NO. 4-03 CV-00175 GTE

**PHILANDER SMITH COLLEGE,**                                     DEFENDANTS
**TRUDIE KIBBE REED, PRESIDENT,**
in her individual and official capacity,
**WILLIAM WOODS, CHAIRPERSON**
**DIVISION OF SCIENCES,** in his individual
and official capacity, **JESSE HARGROVE,**
**ASSOCIATE DEAN OF INSTRUCTION,**
in his individual and official capacity and
**WILLIAM LINDSEY, DEAN OF INSTRUCTION,**
in his individual and official capacity

This case assigned to District Judge Eisele
and to Magistrate Judge Young

### COMPLAINT

Comes Kenneth Andrews, through counsel, and for his complaint states:

#### A. NATURE OF ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C.§ 2000e et seq. (Title VII of the Civil Rights Act of 1964, as amended); seeking redress for violation of Plaintiff's civil rights. The Plaintiff, Kenneth Andrews, is seeking damages and injunctive relief to redress the deprivation of his rights by discriminatory employment practices on the basis of race by Defendants. This action is also brought pursuant to 42 U.S.C.§ 1981.

#### B. PARTIES

2. Plaintiff, Kenneth Andrews, is a Caucasian male and a citizen and resident of Little Rock, Pulaski County, Arkansas.

3. Defendant, Philander Smith College, is a non-profit corporation incorporated in the State of Arkansas and is located in Little Rock, Pulaski County, Arkansas.



4. Defendant, Trudie Kibbe Reed, is an African-American female who was and is the President of Philander Smith College. Defendant Reed is a citizen and resident of Little Rock, Pulaski County, Arkansas.

5. Defendant, William Woods, is an African-American male who was and is the Chairperson of the Division of Sciences at Philander Smith College. Defendant Woods is a citizen and resident of Little Rock, Pulaski County, Arkansas.

6. Defendant, Jesse Hargrove, is an African-American male who was and is the Associate Dean of Instruction at Philander Smith College. Defendant Hargrove is a citizen and resident of Little Rock, Pulaski County, Arkansas.

7. Defendant, William Lindsey, is a Caucasian male who was and is the Dean of Instruction at Philander Smith College. Defendant Lindsey is a citizen and resident of Little Rock, Pulaski County, Arkansas.

## C. JURISDICTION AND VENUE

8. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C.§ 1331, 1343, 1391; 42 U.S.C.§ 2000e (Title VII of the Civil Rights Act of 1964, as amended); and 42 U.S.C.§ 1981.

9. The unlawful employment practices alleged to have been committed against the Plaintiff were committed in the State of Arkansas, and in Pulaski County, Arkansas.

## D. FACTS

10. In August 1998, Plaintiff, Dr. Kenneth Andrews, was hired as an Associate Professor of English by Defendant, Philander Smith College.

11. In August 1999, Plaintiff approached Defendant, Trudie Kibbe Reed, and complained about his low salary. Soon after Plaintiff made this complaint to Defendant Reed, he was summoned to the Office of Dr. Douglas Robillard. Dr. Robillard attempted to have the Plaintiff sign a letter of resignation which contained a provision promising not to sue Philander Smith College.

12. In July 2002, during a faculty discussion, Reverend Maxine Allen made the statement that "The Black community is upset at Philander Smith College because the faculty of the Language and Letters Department is predominately White". In August 2002, an untrue report was made to Dr. William Lindsey concerning the Plaintiff. The gist of this untrue report was that the Plaintiff had stated that Philander Smith students were "inept" and that the Plaintiff had experienced reverse discrimination at Philander Smith College.

13. On August 13, 2002, Defendant, William Lindsey, summoned the Plaintiff to his office and questioned Plaintiff about the above untrue allegations. No action was taken.

14. On September 25, 2002, Defendant, Trudie Kibbe Reed, sent a memorandum to faculty and staff concerning a "plan of action" to deal with an alleged unexpected bill for excessive health insurance claims and a notification of an insurance rate increase. In this memorandum, Defendant Reed also announced that two committees were being formed to investigate cost reductions. The committee for the faculty consisted of Defendants William Woods and William Lindsey.

15. On October 31, 2002, Defendants, William Woods and Jesse Hargrove, met with Plaintiff and presented Plaintiff a notice from Defendant, Trudie Kibbe Reed, informing the Plaintiff that he was being laid off effective December 31, 2002. This notice promised positive letters of recommendation. During this meeting Defendant Woods stated to Plaintiff, "You should have known that you were one of the ones that was going to go". A check by Plaintiff revealed that similarly-situated minority employees who had less seniority than Plaintiff were not laid off.

16. On November 5, 2002, Defendant, Trudie Kibbe Reed, called a special meeting of the faculty, staff and students. During this meeting Defendant Reed stated that the professors who had been "laid off" the preceding week were, in fact, "discharged because of performance".

17. On December 3, 2002, Plaintiff filed a grievance with Dr. Learmond Chapman, Chairperson of the Grievance Committee. The basis of this grievance was that the College had

failed to adhere to the principle of seniority specified in the Faculty Handbook for layoffs in a financial exigency situation. Plaintiff did not receive a response to this grievance.

18. On December 11, 2002, Plaintiff re-filed his grievance with Dr. Chapman. Plaintiff did not receive a response to the re-filed grievance.

19. During Plaintiff's employment with Defendant, Philander Smith College, the Plaintiff was paid less than similar situated Afro-Americans with less seniority.

20. On December 13, 2002, the Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that he had been discriminated against based on his race in violation of Title VII of the Civil Rights Act of 1964 (as amended).

21. In response to Plaintiff's EEOC charge, EEOC issued Plaintiff a "Dismissal and Notice of Rights" Letter dated December 17, 2003. (See Exhibit "A").

22. This law suit is being filed within the requisite 90 days of Plaintiff's receipt of the "Dismissal and Notice of Rights" Letter.

23. After the Plaintiff filed his grievances and EEOC charge, Defendants changed their attitude toward Plaintiff and began a systematic effort to discredit Plaintiff in the higher education community.

24. Since the filing of the grievances and the EEOC charge, the Defendants have reneged on the promise to give Plaintiff good employment recommendations.

### E. COUNT I

25. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 24 of the complaint.

26. Defendant, Philander Smith College, is an "employer" subject to the requirements of Title VII within the meaning of Section 701(b) thereof, 42 U.S.C.§ 2000e(b).

27. Plaintiff Kenneth Andrews was qualified for the position of associate professor he held from 1998 to 2003 with Philander Smith College, and at all relevant times continued to be qualified to fulfill the requirements of that position, and desired to retain that position.

28. On December 31, 2003, Plaintiff's employment contract for the position of associate professor was terminated, thereby terminating Plaintiff from his position at Philander Smith College. Plaintiff was terminated while similarly-situated minorities with less seniority were not terminated.

29. The act of terminating Plaintiff's employment because of his race was a violation of Title VII, 42 U.S.C.§ 2000.

30. Plaintiff has been and will continue to be injured by Defendants' unlawful conduct, including, but not limited to, loss of wages, Social Security benefits, retirement benefits, pain, suffering and humiliation caused by such illegal treatment and other consequential damages.

### E. COUNT II

31. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 30 of this complaint.

32. Defendants Reed, Woods, Hargrove and Lindsey, intentionally failed and refused to honor Plaintiff's employment contracts, hereby, effectively terminating his employment at Philander Smith College because of Plaintiff's race.

33. The failure and refusal of said Defendants to honor the Plaintiff's employment contracts because of Plaintiff's race denied to Plaintiff the right to make and enforce a contract of employment in violation of 42 U.S.C.§ 1981.

### F. COUNT III

34. Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 33 of the complaint.

35. Plaintiff was hired by Philander Smith College as an Associate Professor in the English Department in 1999, at a salary of $27,000.00.

36. Afro-American and other minority associate professors were paid at a higher rate than the Plaintiff even though they had less seniority.

37. The above-stated lower rate of pay Plaintiff received was because of his race in violation of Title VII, 42 U.S.C.§ 2000.

38. Defendants' treatment of Plaintiff was because of his race, and thus it failed to accord to Plaintiff the same right to make and enforce contracts as enjoyed by minorities employees in violation of 42 U.S.C.§ 1981.

### H. COUNT IV

39. Plaintiff hereby realleges and incorporates by reference, Paragraphs 1 through 38 of the complaint.

40. After Plaintiff filed his grievance and charge of discrimination with the Equal Employment Opportunity Commission in December 2002, the Defendants began an intensified pattern of harassment and deformation because of Plaintiff's attempts to obtain equal opportunity in his employment.

41. Defendant Reed, her agents, representatives, and employees have acted maliciously in retaliating against Plaintiff for exercising rights guaranteed to all citizens under the constitution and laws of the United States.

42. As a direct and proximate result of the Defendants' unlawful employment practices, violation of law, and deprivations of Plaintiff's rights, Plaintiff has sustained damages by way of mental anguish and emotional distress; humiliation and embarrassment; and denial of professional standing and reputation.

43. The acts of retaliation by Defendants are violations of Title VII, 42 U.S.C.§ 2000 and 42 U.S.C.§ 1981.

### I. JURY TRIAL DEMAND

44. Plaintiff respectfully requests a trial by jury.

### J. PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court enter judgment in his favor and grant the following requested relief:

a. Declare that the Plaintiff has been subjected to unlawful discriminatory practices by Defendants.

b. Issue an injunction for the purpose of prohibiting further acts of discrimination and retaliatory conduct, and order that the Plaintiff be reinstated.

c. Award back pay to Plaintiff for Defendants' acts of discrimination.

d. Issue a judgment against the individual Defendants for their unlawful employment practices pursuant to 42 U.S.C.§ 1981, and award Plaintiff punitive damages.

e. Award compensatory damages.

f. Award cost of prosecuting this action.

g. Award attorney's fees; and

h. Award all other equitable, legal and just relief.

Respectfully submitted,

HEWETT LAW FIRM
1919 West 10th Street
Little Rock, AR 72203
(501) 372-1854
Fax: (501) 372-3038

By: *[signature]*
Marceliers Hewett, #87081

AND

JACK KEARNEY
KEARNEY LAW OFFICE
300 Spring Street, Suite 420
Little Rock, AR 72201
(501) 376-6511

# DISMISSAL AND NOTICE OF RIGHTS

| To: Kenneth Andrews<br>6321 KAVANAUGH BLVD #K4<br>LITTLE ROCK, AR 72207 | From: E.E.O.C<br>Little Rock Area Office<br>820 Louisiana Street Suite 200<br>Little Rock AR 72201 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 251A300390 | Margaret Dudash, Inv | (501) 324-5535 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☐ Other *(briefly state)*_____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_____       December 17, 2002
Kay Klugh, Director                                    *(Date)*

Enclosure(s)

cc: PHILANDER SMITH COLLEGE
    812 W 13TH ST
    LITTLE ROCK, AR 72202

**PLAINTIFF'S EXHIBIT**

EEOC FORM 161 (Rev 09/97)                              **RESPONDENT COPY**